IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| VESELJKO STOJANOVIC, *et al.*, ) | Case No. 1:22cv1676 |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | JUDGE DAN AARON POLSTER |
| ) | |
| BOSTON SCIENTIFIC CORPORATION et al, ) | |
| ) | **ORDER** |
| Defendants. ) | |
| ) | |

Pending before the Court are Defendant Boston Scientific Corporation's ("BSC") motion to dismiss and Plaintiffs' motion to amend their complaint and remand to state court. ECF Docs. 4 and 8. The Court hereby dismisses Count 6, an outcome jointly sought by both parties, and remands the remaining state law claims to the Cuyahoga County Common Pleas Court without addressing the merits of Plaintiffs' state law claims.[1]

Plaintiffs filed their original complaint in Cuyahoga County Common Pleas Court. On September 6, 2022, they filed an Amended Complaint adding a new count alleging a violation of the Magnuson Moss Warranty Act ("MWWA"), 15 U.S.C. § 2301, et. seq.. Shortly thereafter, BSC invoked federal question jurisdiction and removed the case to this Court, citing the addition

---

[1] Even if Plaintiffs did not agree to voluntarily dismiss the MWWA claim, the Court would still dismiss Count 6 as it fails to state a claim on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Plaintiffs present a personal injury claim based solely on a breach of warranty, which is not cognizable under the MMWA. Boelen v. Redman Homes, Inc., 748 F.2d. 1058, 1065-66 (5th Cir. 1984). Additionally, the MMWA only applies to "consumers" and "consumer products"; both of these terms are clearly defined in the statute. Under the plain language of the MWWA, Plaintiffs are not consumers and the allegedly defective Rezum System is not a consumer product. 15 U.S.C. §§ 2301 (1)-(7).

of the Plaintiffs' MWWA claim as the only grounds for removal. ECF Doc. 1 at 2. BSC subsequently filed a motion to dismiss each of Plaintiffs' claims under Fed. R. Civ. P. 12 (b)(6). Plaintiffs responded by moving to amend their complaint by dismissing the MWWA claim and remand the remaining counts to state court. ECF Doc. 8.

There are no now remaining federal claims in Plaintiffs' Complaint since the Court has dismissed the MWWA claim in Count 6 by consent of the parties. ECF Doc. 4 at 9-10, and ECF Doc. 8 at 1-2. Therefore, the decision whether to exercise supplemental jurisdiction over Plaintiff's remaining state law claims is discretionary. 28 U.S.C. § 1367 (c)(3). "Whether or not to dismiss a pendent state claim after all federal claims have been disposed of is a question generally left to the discretion of the district court." *See* Walker v. Consumers Power Co., 1990 U.S. App. LEXIS 2575, at *6 (6th Cir. 1990). "In determining whether to retain jurisdiction over remaining state law claims, the Court considers several factors, including the values of judicial economy, convenience, fairness, and comity." *Gamel v. City of Cincinnati*, 625 F.3d 949, 951(6th Cir. 2010) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). "Comity to state courts is considered a substantial interest; therefore, the [Sixth Circuit] applies a strong presumption against the exercise of supplemental jurisdiction once federal claims have been dismissed". *Packard v. Farmers Ins. Co. of Columbus Inc.*, 423 F. App'x 580, 584 (6th Cir. 2011) (citations omitted).

There are no facts before the Court that overcome the presumption against exercising supplemental jurisdiction. Rather, judicial economy and comity to state courts both weigh in favor of remand. Discovery has not yet commenced and neither party has invested significant resources litigating this matter in federal court. Additionally, the remaining counts in the Amended Complaint consist of product liability and negligence claims made under Ohio law. These are

2

traditional state law causes of actions which are best decided by Ohio courts. Accordingly, the Court remands Plaintiffs' remaining claims to the Cuyahoga County Court of Common Pleas.

**IT IS SO ORDERED.**

Dated: October 19, 2021
*s/Dan Aaron Polster*
United States District Judge